## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOPE  ELONA  SMITH a/k/a ELONA H. SMITH,<br><br>                              Plaintiff(s),<br>            -against-<br><br>MOUNT SINAI HEALTH SYSTEM, INC., and MOUNT SINAI MORNINGSIDE,<br><br>                              Defendant(s). | **COMPLAINT**<br><br>CIVIL ACTION No.:<br><br><br>**JURY TRIAL DEMANDED**<br><br><br>FILED VIA ECF |

## PLAINTIFF'S COMPLAINT

Plaintiff(s), HOPE  ELONA  SMITH a/k/a  ELONA  H.  SMITH,  by and through  her  undersigned  attorney,  Juan  M.  Ramos-Quintana,  complains  of defendant(s),  MOUNT  SINAI  HEALTH  SYSTEM,  INC.,  and  MOUNT  SINAI MORNINGSIDE,   and  in  support  respectively  allege(s),  upon  information  and belief, as follows:

## JURISDICTION AND VENUE

1.    This  action  is  authorized  by  and  instituted  under  the  Federal  Fair

1

Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. (hereinafter

"FLSA"): 29 U.S.C. §207(a)(1); 29 U.S.C. §207(b); 29 U.S.C. §207(j); and the

New York Consolidated Law-Labor Law Article 19, §§160-199, *et seq*. (hereinafter

"NYLL"); NY Minimum Wage Act (hereinafter "State Overtime Law"),  §160(3);

§663(1); §663(3); §663(4); §195(1)(a); §198(1); §198((1)(a); §198(1)b); §198(3);

and §198(4).  As to such Counts, the jurisdiction of this Court is invoked by

Plaintiff Smith pursuant to 29 U.S.C. §216(b) and §626; also under 28 U.S.C.

§1391(b), §1331,  §1337 and §1367.

2.    This Court is empowered to issue a declaratory judgment pursuant to

28 U.S.C. §2201 and §2202.

3.    Venue is proper in the Southern District of New York pursuant to 28

U.S.C. §1391(b).

4.    Defendant is located in New York State and is subject to personal

jurisdiction in New York.

5.    A substantial part of the events or omissions giving rise to Plaintiff

Smith's claims occurred in this District.

## PRELIMINARY STATEMENT

6.    This action is brought for (a) back pay; (b) forward pay; (c)

retroactive pay; (d) punitive damages; liquidated damages; and compensatory

2

damages as may be provided pursuant to both federal and state law; (e) attorney's fees; (f) costs and disbursements; (g) interest and (h) such other relief under Section 16(b) of FLSA and under Sections 160, 195, 198, and 663 of the NYLL.

7.     Plaintiff Smith was paid on an hourly basis for seventy hours of work bi-weekly. Although Plaintiff Smith has worked more than seventy hours bi-weekly, and sometimes more than eighty, she has been denied overtime compensation and minimum wages as required by federal and state wage and hour laws.

## **PARTIES**

8.     At all times hereinafter mentioned, the plaintiff, HOPE ELONA SMITH a/k/a ELONA H. SMITH (hereinafter "Plaintiff" and/or "Smith"), is an individual and is domiciled in the County of Monroe and Commonwealth of Pennsylvania.

9.     At all relevant times, Plaintiff Smith was an employee of defendant MOUNT SINAI HEALTH SYSTEM, INC., hereinafter "Defendant Health System".

10.     At all relevant times, Plaintiff Smith was an employee of defendant MOUNT SINAI MORNINGSIDE, hereinafter "Defendant Morningside".

11.     Plaintiff Smith was initially employed by Defendant Health System's

and/or Defendant Morningside's corporate predecessor, St. Luke's Hospital, in January, 1991.

12.   At all relevant times, Plaintiff Smith worked within Defendant Morningside's Department of Radiology under the job title of "Assistant Technical Supervisor".

13.   Plaintiff Smith remained as an employee in the Department of Radiology under the job title of "Assistant Technical Supervisor" through all the previous corporate mergers and/or acquisitions from January, 1991 through her retirement date in September, 2021.

14.   At all times hereinafter mentioned, Defendant Health System is a domestic corporation duly organized and existing under the laws of the State of New York, with offices at One Gustave L. Levy Place, New York, NY 10029. It is the ultimate parent company of an integrated health care system encompassing the Ichan School of Medicine and eight hospital campuses in the New York metropolitan area including Defendant Morningside.

15.   At all times hereinafter mentioned, Defendant Morningside is a domestic corporation duly organized and existing under the laws of the State of New York, and maintains its principal place of business at 1111 Amsterdam Ave, New York, New York 10025.

## NATURE OF PROCEEDING

15.     This is a case about a teaching hospital with annual revenue of over one billion dollars that failed to pay Plaintiff Smith the wages to which she was entitled by law.

16.     Defendant Health System, located in New York City, bills itself as having "over 42,000 employees" with "an integrated health care system providing exceptional patient care to our local and global communities". Yet with regard to compensating its employees, Defendant Health System is exceptional only in its willingness to recklessly and willfully break the law.

17.     Defendant Morningside is a teaching hospital in New York City. Defendant Morningside bills itself as "a leader in medical and scientific training, biomedical research and patient care". Yet with regard to compensating its employees, Defendant Morningside leads only in its willingness to recklessly and willfully break the law.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act-Overtime Pay Violation)

18.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

19.     At all times hereinafter mentioned, Plaintiff Smith was an employee of Defendant Health System.

20.     Throughout her employment with Defendant Health System, Plaintiff Smith has met the definition of an employee under applicable law, and has not been subject to any applicable exemptions or exclusions under applicable law, including, but not limited to, those for employees in executive, administrative, or professional roles.

21.     Upon information and belief, at all times hereinafter mentioned, Defendant Health System was an employer engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises.

22.     Upon information and belief, Defendant Health System has the power to hire and fire employees, including Plaintiff Smith, direct their work, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

23.     Upon information and belief, at all times relevant, Defendant Health System had the power to stop the illegal pay practices described herein.

24.      Defendant Health System is a covered employer and/or enterprise

engaged in commerce or in the production of goods for commerce as applicable within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff Smith and failed to properly pay her for all compensable hours worked.

25.    Plaintiff Smith was paid on an hourly basis for seventy hours of work on a bi-weekly basis (hereinafter the "regular workweek"). Defendant Health System used a work period of fourteen consecutive days in lieu of the workweek of seven consecutive days for purposes of overtime computation.

26.    At all relevant times, Defendant Health System required Plaintiff Smith to work sixteen straight hours from 8 a.m. through 12 a.m. on both Saturdays and Sundays as part of her regular workweek (hereinafter "double-shift Saturday" and/or "double-shift Sunday"). Additionally, Plaintiff Smith was not provided a "meal period" during either shift of the double-shift Saturday or double-shift Sunday.

27.    Plaintiff Smith was paid at her "regular rate" of pay for fourteen hours worked on the double-shift Saturday and double-shift Sunday, in clear violation of FLSA.

28.    Defendant Health System is liable under the FLSA for, *inter alia,*

7

failing to properly compensate Plaintiff Smith for all hours worked in excess of eight hours on the double-shift Saturday and double-shift Sunday at a rate not less than one and one-half times the regular rate at which she was employed.

29.    At all relevant times, Plaintiff Smith worked other hours above and beyond her regular workweek for which she was payed either at her regular rate, or with compensatory time off, or not payed at all, although she was legally entitled to overtime pay at a rate not less than one and one-half times the regular rate at which she was employed; and all in clear violation of the FLSA.

30.    The federal overtime pay provisions set forth in §201 *et seq.* of the FLSA apply to Defendant Health System.

31.     At all relevant times, Defendant Health System knowingly failed to pay Plaintiff Smith overtime pay to which she was entitled under the FLSA.

32.    Defendant Health System's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant Health System has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Smith.

33.     Because Defendant Health System's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C.

§255.

34.    As a result of Defendant Health System's willful violations of the FLSA, Plaintiff Smith has suffered damages by being denied the overtime wages and other wages to which she is entitled to under the FLSA in accordance with 29 U.S.C. §201 *et seq.*

35.    As a result of Defendant Health System's unlawful acts, Plaintiff Smith has been deprived of the overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and disbursements, and other compensation pursuant to 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act-Overtime Pay Violation)

36.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

37.    At all times hereinafter mentioned, Plaintiff Smith was an employee of Defendant Morningside.

38.    Throughout her employment with Defendant Morningside, Plaintiff Smith has met the definition of employee under applicable law, and

9

has not been subject to any applicable exemptions or exclusions under applicable law, including, but not limited to, those for employees in executive, administrative, or professional roles.

39.    Upon information and belief, at all times hereinafter mentioned, Defendant Morningside was an employer engaged in the operation of a hospital or an establishment which is an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises.

40.    Upon information and belief, Defendant Morningside has the power to hire and fire employees, including Plaintiff Smith, direct their work, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

41.    Upon information and belief, at all times relevant, Defendant Morningside had the power to stop the illegal pay practices described herein.

42.    Defendant Morningside is a covered employer and/or enterprise engaged in commerce or in the production of goods for commerce as applicable within the meaning of the FLSA and the NYLL, and at all times relevant, employed Plaintiff Smith and failed to properly pay her for all compensable hours worked.

43.     Plaintiff Smith was paid on an hourly basis for seventy hours of work on a bi-weekly basis (hereinafter the "regular workweek"). Defendant Morningside used a work period of fourteen consecutive days in lieu of the workweek of seven consecutive days for purposes of overtime computation.

44.     At all relevant times, Defendant Morningside required Plaintiff Smith to work sixteen straight hours from 8 a.m. through 12 a.m. on both Saturdays and Sundays as part of her regular workweek (hereinafter "double-shift Saturday" and/or "double-shift Sunday"). Additionally, Plaintiff Smith was not provided a "meal period" during either shift of the double-shift Saturday or double-shift Sunday.

45.     Plaintiff Smith was paid at her "regular rate" of pay for fourteen hours worked on the double-shift Saturday and double-shift Sunday, in clear violation of FLSA.

46.     Defendant Morningside is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff Smith for all hours worked in excess of eight hours on the double-shift Saturday and double-shift Sunday at a rate not less than one and one-half times the regular rate at which she was employed.

47.     At all relevant times, Plaintiff Smith worked other hours above and

beyond her regular workweek for which she was payed either at her regular rate, or with compensatory time off, or not payed at all, although she was legally entitled to overtime pay at a rate not less than one and one-half times the regular rate at which she was employed; and all in clear violation of the FLSA.

48.     The federal overtime pay provisions set forth in §201 *et seq.* of the FLSA apply to Defendant Morningside.

49.     At all relevant times, Defendant Morningside knowingly failed to pay Plaintiff Smith overtime pay to which she was entitled under the FLSA.

50.     Defendant Morningside's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant Morningside has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Smith.

51.      Because Defendant Morningside's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C.  §255.

52.     As a result of Defendant Morningside's willful violations of the FLSA, Plaintiff Smith has suffered damages by being denied the overtime wages and other wages to which she is entitled under the FLSA in accordance with 29 U.S.C. §201 *et seq.*

53.     As a result of Defendant Morningside's unlawful acts, Plaintiff Smith has been deprived of the overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney's fees, costs and disbursements, and other compensation pursuant to 29 U.S.C. §216(b).

### THIRD CAUSE OF ACTION
(Fair Labor Standards Act - Record Keeping Violations)

54.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55.     Defendant Health System failed to make, keep, and preserve accurate records with respect to Plaintiff Smith as required by the FLSA, including hours worked each workday and total hours worked each work week as required under 29 U.S.C. §211(c) and supporting federal regulations.

56.     Defendant Health System's failure to make, keep, and preserve accurate records was willful.

### FOURTH CAUSE OF ACTION
(Fair Labor Standards Act - Record Keeping Violations)

57.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.     Defendant Morningside failed to make, keep, and preserve accurate records with respect to Plaintiff Smith as required by the FLSA, including hours worked each workday and total hours worked each work week as required under 29 U.S.C. §211(c) and supporting federal regulations.

59.     Defendant Morningside's failure to make, keep, and preserve accurate records was willful.

### FIFTH CAUSE OF ACTION
(New York Labor Law – Increased Compensation Wages)

60.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61.     At all relevant times, Plaintiff Smith was an employee not subject to any applicable exemptions or exclusions and Defendant Health System was an employer within the meaning of the New York State Labor Law (hereinafter "NYLL").

62.     NYLL §160-1(3) defines the number of hours that constitute a legal day's work for Plaintiff Smith.

63.     The number of hours that constitute a legal day's work for Plaintiff Smith is eight hours per day.

64.   NYLL §160.1(3) requires that any hours worked by Plaintiff Smith in excess of 8 hours per day be paid at an "increased compensation".

65.   29 U.S.C. §778.102 states in relevant part that "**Nothing in the Act, however, will relieve an employer of** any obligation he may have assumed by contract or of **any obligation imposed by other Federal or State law** to limit overtime hours of work or **to pay premium rates for work in excess of a daily standard or for work on** Saturdays, Sundays, holidays, or **other periods outside of or in excess of the normal or regular** workweek or **workday**." [Emphasis added]

66.   Defendant Health System failed to pay Plaintiff Smith the increased compensation for which she was eligible and entitled to under the NYLL and FLSA when she worked a double-shift Saturday and/or a double-shift Sunday. By Defendant Health System failure to pay Plaintiff Smith the increased compensation for hours worked in excess of 8 hours per day, it has willfully violated the NYLL.

67.   At all relevant times, Plaintiff Smith worked other hours above and beyond her regular workweek for which she was payed either at her regular rate, or with compensatory time off, or not payed at all, although she was legally entitled to overtime pay at a rate not less than one and one-half times the regular rate at

which she was employed; and all in clear violation of the NYLL.

68.    Defendant Health System willfully violated its obligations under the NYLL and is liable to Plaintiff Smith.

69.    Because of Defendant Health System's violations of the NYLL, Plaintiff Smith is entitled to recover from Defendant Health System her unpaid overtime, unpaid increased compensation, liquidated damages, reasonable attorney's fees, costs and disbursements of the action, and pre-judgment and post-judgment interest.

70.    Defendant Health System's violations of the NYLL have been willful.

71.    A six-year statute of limitations applies, pursuant to NYLL §198.3.

## SIXTH CAUSE OF ACTION
(New York Labor Law – Unpaid Increased Compensation Wages)

72.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73.    At all relevant times, Plaintiff Smith was an employee not subject to any applicable exemptions or exclusions and Defendant Morningside was an employer within the meaning of the New York State Labor Law (hereinafter "NYLL").

74.    NYLL §160-1(3) defines the number of hours that constitute a legal day's work for Plaintiff Smith.

75.    The number of hours that constitute a legal day's work for Plaintiff Smith is eight hours per day.

76.    NYLL §160.1(3) requires that any hours worked by Plaintiff Smith in excess of 8 hours per day be paid at an "increased compensation".

77.    29 U.S.C. §778.102 states in relevant part that "**Nothing in the Act, however, will relieve an employer of** any obligation he may have assumed by contract or of **any obligation imposed by other Federal or State law to limit overtime hours of work or to pay premium rates for work in excess of a daily standard or for work on** Saturdays, Sundays, holidays, or **other periods outside of or in excess of the normal or regular** workweek or **workday**." [Emphasis added]

78.    Defendant Morningside failed to pay Plaintiff Smith the increased compensation for which she was eligible and entitled to under the NYLL and FLSA when she worked a double-shift Saturday and/or a double-shift Sunday. By Defendant Morningside failure to pay Plaintiff Smith the increased compensation for hours worked in excess of 8 hours per day, it has willfully violated the NYLL.

79.     At all relevant times, Plaintiff Smith worked other hours above and beyond her regular workweek for which she was payed either at her regular rate, or with compensatory time off, or not payed at all, although she was legally entitled to overtime pay at a rate not less than one and one-half times the regular rate at which she was employed; and all in clear violation of the NYLL.

80.     Defendant Morningside willfully violated its obligations under the NYLL and is liable to Plaintiff Smith.

81.     Because of Defendant Morningside violations of the NYLL, Plaintiff Smith is entitled to recover from Defendant Morningside her unpaid overtime, unpaid increased compensation, liquidated damages, reasonable attorney's fees, costs and disbursements of the action, and pre-judgment and post-judgment interest.

82.     Defendant Morningside's violations of the NYLL have been willful.

83.     A six-year statute of limitations applies, pursuant to NYLL §198.3

<u>**SEVENTH CAUSE OF ACTION**</u>
(New York Labor Law – Record Keeping Violations)

84.     Plaintiff Smith realleges and incorporates by reference all allegations in all preceding paragraphs.

85.    Defendant Health System failed to make, keep, and preserve accurate records with respect to Plaintiff Smith including hours worked each workday and total hours worked each workweek, as required by NYLL.

86.    Defendant Health System failed to furnish Plaintiff Smith with a statement with every payment of wages listing hours worked, rates paid and gross wages in violation of the NYLL and supporting New York State Department of Labor Regulations.

87.    Defendant Health System failure to make, keep, and preserve accurate records was willful.

## EIGHTH CAUSE OF ACTION
(New York Labor Law – Record Keeping Violations)

88.    Plaintiff Smith realleges and incorporates by reference all allegations in all preceding paragraphs.

89.    Defendant Morningside failed to make, keep, and preserve accurate records with respect to Plaintiff Smith including hours worked each workday and total hours worked each workweek, as required by NYLL.

90.    Defendant Morningside failed to furnish Plaintiff Smith with a statement with every payment of wages listing hours worked, rates paid and gross

wages in violation of the NYLL and supporting New York State Department of Labor Regulations.

91.    Defendant Morningside failure to make, keep, and preserve accurate records was willful.

## NINTH CAUSE OF ACTION
(New York Labor Law – Meals Violations)

92.    Plaintiff Smith realleges and incorporates by reference all allegations in all preceding paragraphs.

93.    NYLL §162.3-4 required Defendant Health System to provide Plaintiff Smith with a meal period for the days she worked a double-shift Saturday and/or a double-shift Sunday. Defendant Morningside failed to provide the meal period to Plaintiff Smith.

94.    Defendant Health System willfully violated its obligations under the NYLL and is liable to Plaintiff Smith.

95.    Because of Defendant Health System violations of the NYLL, Plaintiff Smith is entitled to recover from Defendant Health System her unpaid wages, liquidated damages, reasonable attorney's fees, costs and disbursements of the action, and pre-judgment and post-judgment interest.

96.     Defendant Health System's violations of the NYLL have been willful.

97.     A six-year statute of limitations applies, pursuant to NYLL §198.3.

## TENTH CAUSE OF ACTION
(New York Labor Law – Meals Violations)

98.     Plaintiff Smith realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     NYLL §162.3-4 required Defendant Morningside to provide Plaintiff Smith with a meal period for the days she worked a double-shift Saturday and/or a double-shift Sunday. Defendant Morningside failed to provide the meal period to Plaintiff Smith.

100.    Defendant Morningside willfully violated its obligations under the NYLL and is liable to Plaintiff Smith.

101.    Because of Defendant Morningside violations of the NYLL, Plaintiff Smith is entitled to recover from Defendant Morningside her unpaid wages, liquidated damages, reasonable attorney's fees, costs and disbursements of the action, and pre-judgment and post-judgment interest.

102.    Defendant Morningside's violations of the NYLL have been willful.

103.    A six-year statute of limitations applies, pursuant to NYLL §198.3.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Smith prays for the following relief:

A.     lssuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 19, §650 *et seq.*, and the supporting New York State Department of Labor regulations;

B.     An award to Plaintiff Smith for unpaid overtime pay and other wages for which she is eligible along with an additional and equal amount as liquidated damages pursuant to 29 U.S.C.  §201 *et seq.*, and the supporting United States Department of Labor regulations;

C.     An Order requiring Defendants to pay all statutorily required wages pursuant to NYLL to Plaintiff Smith, and the supporting New York State Department of Labor regulations;

D.     An award of consequential damages to Plaintiff Smith as a result of the acts and practices of Defendants;

E.     An award of liquidated damages to Plaintiff Smith as a result of the acts and practices of Defendants;

F.    An award of compensatory damages to Plaintiff Smith in an amount to be determined by the jury to be able to reasonably compensate Plaintiff Smith;

G.    An award of attorney's fees, costs and disbursements to Plaintiff Smith; and

H.    Such other and further relief as this Court deems necessary, just, and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Smith demands a trial by jury on all questions of fact raised by the Complaint.

Dated: March 11, 2022
New York, New York

Respectfully submitted,
Juan M. Ramos-Quintana


By:    s/h JUAN M. RAMOS-QUINTANA
       JUAN M. RAMOS-QUINTANA
       Bar # SDNY1860

*Attorney for Plaintiff Smith*
145 Devonshire Drive
Stroudsburg, Pennsylvania 18360
Telephone: 570-236-6514